[Civ. No. 38117. First Dist., Div. One. Dec. 15, 1976.]

LUCILLE C. KARPE, Plaintiff and Appellant, v.
TEACHERS' RETIREMENT BOARD et al.,
Defendants and Respondents.

**COUNSEL**

Johnson & Stanton and Gardiner Johnson for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, John Klee and Asher Rubin, Deputy Attorneys General, for Defendants and Respondents.

## Opinion

ELKINGTON, J.—Lucille C. Karpe's appeal is from a judgment denying her application for a writ of mandate. She had sought by that proceeding to compel respondents to allow her service credits as a public school music teacher for the school years 1926-1927, 1927-1928, 1928-1929, and 1931-1932, 1932-1933, 1933-1934 and 1934-1935.

The question of the appeal is whether appellant held valid teaching credentials and thus had rendered "creditable service" (in computing her retirement benefits) during those years.

Education Code section 13981 states that: "Service performed prior to July 1, 1972, shall be credited according to the provisions of the law in effect at the time service was performed. . . ." Section 5.804 of the 1929 and section 5.890 of the 1935 School Codes, and sections 1772-1775 of the 1923 Political Code, as in effect at the relevant times, provided that only creditable service as a teacher might be used in the computation of retirement benefits. These statutes gave effect to the policy that only teachers of certified competency should ordinarily staff the public schools of this state.

Upon her retirement as a public schoolteacher, appellant was awarded retirement benefits according to her years of creditable service as computed by the respondent board. In the computation the board omitted consideration of the school years 1926-1927 to and including 1934-1935. Upon appellant's complaint an administrative hearing was held, as a result of which she was allowed creditable service for only one of the disputed school years, i.e., 1931-1932.

In her subsequent mandate proceedings the superior court sustained the administrative action, and entered judgment accordingly. As relevant to the issues presented in the superior court, and here, the facts adduced in the administrative proceedings were undisputed. The question before us is accordingly one of law, and we are not concerned with whether the superior court should have applied the so-called "substantial evidence in light of the whole record," or the "independent judgment," adjudicatory criterion. (See *Strumsky* v. *San Diego County Employees Retirement Assn.*, 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29].)

Appellant taught in the public school system during the three school years 1926-1927, 1927-1928 and 1928-1929. There was evidence, and it appears conceded, that she personally did not hold the valid teaching credentials essential to creditable service during those three years. Nor did it appear that she had ever previously held such credentials. In the school years 1929-1930 and 1930-1931, she was not employed as a teacher. It was established that: "On August 15, 1931 she was granted a credential authorizing her to teach band and orchestra in the secondary schools. This credential expired on June 30, 1932." But although she continued to teach "band and orchestra" in the same school district during the school years 1932-1933, 1933-1934 and 1934-1935, there was no record that she held valid teaching credentials for any of those years. Nor was there evidence that during those years her earlier credential, or her teaching qualifications, were ever challenged or questioned.

We encounter no difficulty in concluding that as to the school years 1926-1927, 1927-1928 and 1928-1929, during which appellant personally lacked the credential for creditable service, the judgment denying mandate was proper. The pertinent statutes permitted no other result. We are unpersuaded by appellant's argument that since, during those years, she and her husband were employed as a team, under one contract, and under his valid credentials for part of that time, she must be deemed as a matter of law to have held similar credentials. Nor is there any legal presumption or necessary factual inference, as urged by appellant, "that when a district hires a teacher he or she has a legal credential."

But appellant's entitlement to creditable service for the years 1932-1933, 1933-1934 and 1934-1935 presents a different problem. As pointed out, during the year preceding that period she had been granted a "credential authorizing her to teach band and orchestra," which expired at the end of that year. She then continued teaching her specialty in the same school district over the next three years.

We are of the opinion that the case of *Mass* v. *Board of Education,* 61 Cal.2d 612 [39 Cal.Rptr. 739, 394 P.2d 579], is dispositive of this issue. In *Mass* a suspended public schoolteacher had later been restored to his employment by judicial action. During the period of suspension he had allowed his teaching credentials to expire for a period of four years. Pertinent statutes provided that upon such reinstatement the teacher " 'shall be paid full salary by the governing board for the period of his

suspension.' " The "board, however, [sought] to defeat the statutory command by the contention that [Mass'] failure to renew his credential . . . automatically forfeited his status as a permanent employee and absolved the board of any further obligation" for the salary which otherwise would have been his due.

The *Mass* court opined: "The history of the protective statutes shows a legislative intent to avoid technical automatic termination of a teacher's rights because of an inadvertent lapse of a credential." (61 Cal.2d, p. 619, fn. 2.) It stated: "We cannot find any basis in the Education Code for predicating the loss of a teacher's tenure rights upon his failure to perform a purely perfunctory act of application that would have automatically renewed his credential. We cannot ignore the sections, and the legislative history, to tie an automatic termination of plaintiff's rights to the distorted ballooning of a formality. [¶¶] . . . [T]o regard plaintiff's failure to pursue the mechanics of certificate-renewal as equivalent to plaintiff's disqualification is to misconceive the scheme of the state system of certification." (61 Cal.2d, pp. 620, 621.) Mass' salary for the period of his suspension was ordered paid.

The rationale of *Mass* is equally applicable to the retirement benefits of the case at hand. We conclude that the only reasonable inference to be drawn from the uncontested facts before us is that the failure to renew appellant's teaching credential of 1931-1932 during the following three years was an inadvertency of hers, or of the school district, or of both. Under the holding of *Mass* appellant is reasonably entitled to official recognition of creditable service in relation to her retirement benefits, retroactively, for the school years 1932-1933, 1933-1934 and 1934-1935, as well as for the here uncontested school year 1931-1932.

The judgment is reversed. The superior court will enter judgment in a manner not inconsistent with the views we have expressed.

Molinari, P. J., and Sims, J., concurred.